UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KENNETH THOMAS,

Petitioner,

v.

D. W. NEVEN, et al.,

Respondents.

Case No. 3:15-cv-00071-MMD-WGC

ORDER

This represented habeas matter comes before the Court on respondents' motion to dismiss (ECF No. 19), respondents' unopposed motion for waiver of compliance with Local Rule LR AI 10-3 (ECF No. 28), respondents' motion to strike supplement (ECF No. 32), and petitioner's motion for appointment of new counsel (ECF No. 33).

**I.  BACKGROUND**

On October 20, 2015, the Court appointed counsel based upon, *inter alia*, the following findings:

> . . . . The federal habeas petition submitted in this action includes many claims, the contents of which suggest that it may be a relatively complex action. In the underlying state criminal case, petitioner was convicted of murder and was sentenced to imprisonment for life without the possibility of parole. . . . .

(ECF No. 8 at 2.)

The order formally appointing current counsel thereafter set a deadline for petitioner to, *inter alia*, file "an amended petition for writ of habeas corpus, which will include all known grounds for relief (both exhausted and unexhausted)." (ECF No. 10 at 2.)

On July 6, 2016, the appointed panel attorney filed a notice reflecting that she had "completed investigation and is unable to file an amendment." (ECF No. 18.)

Respondents thereafter filed a motion to dismiss contending that Ground 4 is conclusory and unexhausted. In Ground 4, petitioner alleges *pro se* that he was denied unspecified Sixth and Fourteenth Amendment rights because "there was a conflict of interest in [his] case with the (S.P.D.O.)," and he refers to a supplemental memorandum. The latter filing does not appear to address the claim. (ECF No. 1-1 at 11; ECF No. 1-2.)

Petitioner's counsel filed a brief opposition contending, *inter alia*, that: (1) respondents had conceded Grounds 1 to 3 by responding only to Ground 4 in the motion to dismiss;[1] and (2) Ground 4 was exhausted because the Supreme Court of Nevada addressed the claim on the merits on the state post conviction appeal. (ECF No. 30, referring to ECF No. 25-22 at 6.) Counsel did not directly address respondents' contention that Ground 4 should be dismissed as conclusory under the particularized pleading requirements of Rule 2(c) of the Rules Governing Section 2254 Cases and *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

At approximately the same time as petitioner's opposition memorandum, petitioner in proper person filed a supplement to the *pro se* petition. (ECF No. 29.)

Respondents have moved to strike the supplement on the basis, *inter alia,* that petitioner cannot file papers in proper person while represented by counsel (ECF No. 32.)

Shortly thereafter, petitioner in proper person moved for appointment of new federal habeas counsel so that he can have the opportunity to file an amended petition following upon current counsel not doing so. (ECF No. 33.)

///

---

[1]*But see Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (a failure to timely respond to claims raised in a habeas petition does not entitle a petitioner to a judgment on the claims by default). In all events, the scheduling order entered in this case permitted respondents to file a motion to dismiss rather than an answer. (*See* ECF No. 10 at 2 ("answer, or otherwise respond to").) The filing of a motion to dismiss limited to only specific procedural issues as to only one or more claims without then addressing the remaining claims does not reflect any failure on the part of respondents under the type of scheduling order entered in this action. Moreover, the entirety of a mixed petition is subject to dismissal unless the petitioner seeks other appropriate relief.

Appointed counsel has not filed any response to the petitioner's in proper person motion to appoint new counsel.

## II. DISCUSSION

The standard provisions of the scheduling order entered herein allowed for the possibility — in presetting the respondent's response deadline for all contingencies — that petitioner might not file an amended petition. (*See* ECF No. 10 at 2: 21-23.) However, in appointing counsel, the Court did not contemplate that counsel in this case simply would stand on the *pro se* petition filed in this matter. The *pro se* filings herein are written as if directed to a state court applying *de novo* review and applying a mixture of Nevada state law, the law applied in original federal criminal proceedings separate and apart from constitutional law binding on the states, and federal constitutional law. The *pro se* filings are not written as if directed instead to a federal court applying quite likely deferential review under AEDPA to exclusively federal law claims. Nor do the *pro se* filings uniformly contain the factual specificity required by federal habeas pleading standards, including in particular as to Ground 4. It is not immediately clear why appointed counsel was unable to file an amended petition.[2] However, the *pro se* pleadings were not sufficient for counsel to stand on without a counseled amendment, particularly with a claim that does not even withstand minimum federal pleading standards.

The Court exercises its discretion under 18 U.S.C. § 3006A(c)[3] to appoint new counsel for petitioner so that he can have a full opportunity for the filing of a counseled amended petition consistent with the original order of appointment herein.

The Court will accordingly grant petitioner's motion to appoint new counsel, deny respondents' motion to dismiss without prejudice pending the filing of a counseled amended petition, grant respondents' motion to strike petitioner's proper person filing,
///

---

[2]The case does not appear to be one where counsel could not file an amended petition for ethical reasons. *Cf. Anders v. California,* 386 U.S. 738 (1967).

[3]"The United States magistrate judge or the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings."

and grant in part respondents' remaining motion for waiver of the then existing local rule requirement.

### III. CONCLUSION

It is therefore ordered that petitioner's motion (ECF No. 33) for appointment of new counsel is granted, that Mary Lou Wilson is withdrawn as counsel for petitioner in this matter, that the Clerk will forward a copy of this order to the CJA Coordinator, and that the Coordinator will forward the name and contact information of a replacement panel attorney once determined to the staff attorney currently handling P1-flagged cases for the preparation of a draft appointment and scheduling order.

It is further ordered that respondents' motion to dismiss (ECF No. 19) is denied without prejudice pending the filing of a counseled amended petition under a new scheduling order.

It is further ordered that respondents' motion to strike supplement (ECF No. 32) is granted and that petitioner's proper person filing (ECF No. 29) will be stricken.

It is further ordered that respondents' unopposed motion for waiver of compliance with Local Rule LR AI 10-3 (ECF No. 28) is granted in part and denied in part. The Court waives compliance with paragraphs (e) and (i) of the former version of Local Rule IA 10-3, but respondents must send paper copies of the record exhibits to staff, not .pdf files on a computer disc, as per ECF No. 10 at 3, lines 1-4.

The Clerk of Court further will also send a copy of this order to the petitioner in proper person, at the last institutional address reflected in the record.

DATED THIS 26th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE