UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH THOMAS,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>D. W. NEVEN, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:15-cv-00071-MMD-WGC<br><br>ORDER |

Following upon the Court's prior order directing substitution of counsel, it is ordered that Jamie J. Resch, Esq., Resch Law, PLLC, 2620 Regatta Drive, Suite 102, Las Vegas, NV 89128, (702) 483-7360, is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It further is ordered that petitioner will have until up to and including one hundred twenty (120) days from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

1    It further is ordered that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of service of an amended petition and that petitioner may file a reply thereto within thirty (30) days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

It further is ordered that any procedural defenses raised by respondents to the counseled amended petition will be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It further is ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It further is ordered that any additional state court record and related exhibits filed herein by either petitioner or respondents must be filed with a separate index of exhibits identifying the exhibits by number and generally in the same manner as ECF Nos. 21-27.

Following entry of Mr. Resch as counsel of record on the docket, the Clerk of Court will provide counsel, upon his request, with a single set of electronic copies of all prior

///

| | |
|---|---|
| 1 | filings herein in a manner consistent with the Clerk's current practice, such as |
| 2 | regeneration of notices of electronic filing. |
| 3 | The Clerk further will send a copy of this order to the petitioner in proper person at |
| 4 | the last institutional address in the record and reflect said transmittal either via the notice |
| 5 | of electronic filing or on the docket, in a manner consistent with the Clerk's current |
| 6 | practice. |
| 7 | DATED THIS 5th day of October 2017. |

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE