ADAM PAUL LAXALT
  Attorney General
ERIN L. BITTICK (Bar. No. 13827)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
(775) 684-1215 (phone)
(775) 684-1108 (fax)
ebittick@ag.nv.gov
*Attorneys for Respondents*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENNETH THOMAS,<br><br>    Petitioner,<br><br>vs.<br><br>D.W. NEVEN, *et al.*,<br><br>    Respondents | Case No. 3:15-cv-00071-MMD-WGC<br><br>**MOTION TO DISMISS** |

Respondents move to dismiss Kenneth Thomas's (Thomas) first amended petition for a writ of habeas corpus (amended petition). ECF No. 40. The amended petition contains claims that are untimely and/or unexhausted. This motion is made pursuant to the following memorandum of points and authorities, together with all other pleadings, papers, and exhibits on file herein.

**STATEMENT OF THE CASE[1]**

**I.    State Court Proceedings**

On August 12, 2008, Thomas was charged by way of Grand Jury Indictment in the Eighth Judicial District Court of Nevada with seven criminal counts: Count I - burglary while in possession of a firearm; Count II - Murder with use of a deadly weapon, victim 60 years of age or older; Count III - Conspiracy to commit murder; Count IV - First degree kidnapping with use of a deadly weapon, victim 60 years of age or older; Count V - Conspiracy to commit kidnapping; Count VI - Robbery with use of a deadly weapon, victim 60 years of age or older; and Count VII - Conspiracy to commit robbery. ECF

---

[1] Respondents deny all factual allegations in the petition except for those expressly found to be true by a Nevada Court of competent jurisdiction.

No. 21-7.  The Grand Jury lodged identical charges against Thomas's two co-defendants, David Jones (Jones) and Simone Taylor (Taylor).  ECF No. 21-5.

On September 12, 2008, the State filed its notice of intent to seek the death penalty against Thomas.  ECF No. 21-12.

Thomas plead guilty as charged in the indictment.  ECF No. 23-16.  In exchange for his guilty plea, the State agreed to not seek the death penalty, but otherwise retained "the right to argue" for any lawful sentence.  *Id.* at 2.

The state district court sentenced Thomas to life without the possibility of parole for his murder conviction.  ECF No. 23-20 at 2.  The court imposed various consecutive sentences for Thomas's six remaining convictions.  *Id.* at 2–3.  The court entered the judgment of conviction on April 18, 2011.  *Id.*

Thomas did not file a direct appeal.  *See* ECF No. 40 at 1.

On July 8, 2011, Thomas moved to withdraw his guilty plea.  ECF No. 23-21.  The state district court rejected Thomas's motion, stating he needed "to file a Writ."  ECF No. 23-24.  On December 14, 2011, Thomas filed his second motion to withdraw his guilty plea.  ECF No. 24-1.  The court once again denied Thomas's motion, noting its previous order.  ECF No. 24-4.

On March 13, 2012, Thomas filed a notice of appeal to the Nevada Supreme Court from the court's denial of his second motion to withdraw guilty plea.  ECF Nos. 24-6, 24-13.[2]  The Nevada Supreme Court dismissed the appeal as untimely.  ECF No. 24-13.

On March 28, 2012, Thomas filed his first state petition for writ of habeas corpus.  ECF No. 24-12.  With the assistance of counsel, Thomas filed supplemental points and authorities in support of his state petition.  ECF No. 24-18.  The court held two hearings to consider Thomas's original and supplemental state petitions, including an evidentiary hearing on June 14, 2013.  ECF Nos. 25-3, 25-12.  After considering the pleadings and evidence, the state district court denied Thomas's state petition on the merits.  ECF No. 25-19.

Thomas appealed the state district court's decision to the Nevada Supreme Court.  ECF No. 25-23.[3]  On appeal, Thomas raised three grounds for review:

---

[2] Nevada Supreme Court Case No. 60459.

[3] Nevada Supreme Court Case No. 63801.

2

>    A.  The plea canvass of petitioner was constitutionally defective under the 5th and 14th Amendments of the Constitution of the United States.
>
>    B.  The plea canvass of petitioner was defective as to Count 2 of the indictment.
>
>    C.  Petitioner was denied his constitutional right to the effective assistance of counsel as guaranteed under the 6th and 14th Amendments of the Constitution of the United States.

ECF No. 26-15. The Nevada Supreme Court affirmed the state district court's decision. ECF No. 26-22. Remittitur issued on January 6, 2015. ECF No. 26-23.

Thereafter, Thomas filed two motions to withdraw guilty plea. ECF Nos. 27-1, 27-3. The state district court denied the motions. ECF No. 27-14. Thomas appealed. ECF No. 27-10.[4] The Nevada Supreme Court reversed and remanded, directing the state district court to consider Thomas's motions as a post-conviction petition for writ of habeas corpus and to provide him an opportunity to cure any procedural defects. ECF No. 27-18.

On May 19, 2016, Thomas filed a *pro per*, "supplemental" state habeas petition. Exhibit 172.[5] The state district court denied Thomas's second habeas petition as procedurally barred. Exhibit 177.

Thomas appealed. Exhibit 175.[6] On appeal, he alleged the state district court erred in denying his "supplemental" state habeas petition as Thomas's plea was not knowingly and voluntarily entered. Exhibit 181. On July 12, 2017, the Nevada Court of Appeals affirmed the district court's dismissal, finding the petition untimely pursuant to Nev. Rev. Stat. 34.726 and successive pursuant to Nev. Rev. Stat. 34.810. Exhibit 184. Remittitur issued on August 9, 2017. Exhibit 185.

## II.   Federal Court Proceedings

On January 28, 2015, Thomas mailed, or handed to a prison official for the purpose of mailing, his federal petition for writ of habeas corpus (federal petition). ECF No. 1-1. Thomas raised four grounds for review in his federal petition:

>    1.  Thomas's plea was not voluntary and intelligent. (ECF No. 1-1 at 5).
>
>    2.  Ineffective assistance of counsel. (ECF No. 1-1 at 7).

---

[4] Nevada Supreme Court Case No. 68416.

[5] Respondents' supplemental index of exhibits filed concurrently herewith.

[6] Nevada Supreme Court Case No. 71452.

   3. Thomas has suffered manifest injustice because he was sentenced for a crime he was never found guilty of, or plead guilty too and thus, the sentencing court was without jurisdiction to impose sentence. (ECF No. 1-1 at 9).

   4. There was a conflict of interest in Thomas's case with the (SPDO).[7] (ECF No. 1-1 at 11).

After reviewing Thomas's original filings, this Court appointed counsel and issued a scheduling order to allow for filing of an amended petition. ECF No. 8; ECF No. 10. On July 6, 2016, Thomas's federal counsel filed a notice stating "counsel will not be filing any amendment on behalf of petitioner." ECF No. 18.

Respondents moved to dismiss Ground 4 of the federal petition as conclusory and unexhausted. ECF No. 19. Thomas's counsel opposed the motion, and Respondents replied. ECF Nos. 30, 31.

Thomas also filed a *pro per* supplement to his petition. ECF No. 29. Respondents moved to strike the supplement. ECF No. 29. Thereafter, Thomas, in *pro per*, moved for the appointment of new counsel to allow him to file an amended petition. ECF No. 33.

This Court granted Thomas's motion for appointment of new counsel. ECF No. 36 at 4. This Court also granted Respondent's motion to strike the supplement and denied the motion to dismiss without prejudice pending the filing of an amended petition by new counsel. *Id*.

Following appearance of new counsel, on February 2, 2018, Thomas filed a counseled, first amended petition. Thomas raises the following claims:

   **Ground 1(1)**: Thomas's guilty plea was not knowingly, intelligently, or voluntarily entered because the guilty plea canvas was not individualized. (ECF No. 40 at 8-9).

   **Ground 1(2)**: Thomas's guilty plea was not knowingly, intelligently, or voluntarily entered because the guilty plea canvas was not complete. (ECF No. 40 at 9–11).

   **Ground 2**:   Trial counsel was ineffective for various reasons.

   (1) Counsel failed to advise the trial court of Thomas' mental deficiencies at the time the plea was taken, failed to wait until the psychological report was completed prior to entering the plea, and failed [to] utilize any of the steps recommended by the expert to help Thomas understand the plea process. (ECF No. 40 at 11–13).

---

[7] Respondents presume Thomas is referring to the Special Public Defender's Office in Clark County. *See* ECF No. 19 at 5, n. 2.

4

      (2) Counsel failed to challenge the death penalty as a potential penalty prior to entry of the plea agreement. (ECF No. 40 at 13–15).

      (3) Trial counsel failed to file a notice of appeal. (ECF No. 40 at 15–16).

      (4) Trial counsel misrepresented the sentence. (ECF No. 40 at 17).

      (5) Trial counsel misrepresented the role of an investigator. (ECF No. 40 at 17–18).

      (6) Trial counsel failed to correct erroneous information relied on by the trial court in determining Thomas' sentence at sentencing. (ECF No. 40 at 18–22).

Respondents now move to dismiss Grounds 2(2) and 2(6) as they are untimely and/or unexhausted.

**ARGUMENT**

**I.    Grounds 2(2) and 2(6) Of the Amended Petition Do Not Relate Back To The Originally Timely-Filed Petition.**

Grounds 2(2) and 2(6) of the amended petition do not relate back to the original timely-filed petition and should therefore be dismissed as untimely.

The United States Supreme Court significantly limited a habeas petitioner's ability to "relate back" amended claims to the filing of the original petition to be considered timely under 28 U.S.C. § 2244(d). *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In *Mayle*, the Court held that the Ninth Circuit's former relation-back standard under Federal Rule of Civil Procedure 15(c), which allowed an amendment to a habeas petition to "relate back" to the date of the original petition "so long as the new claim stems from the habeas petitioner's trial, conviction or sentence," was too broad. *Id*. at 656. An amended claim in a habeas petition relates back only if it shares a "common core of operative facts" with claims contained in the original petition. *Id*. at 664. A new claim does not relate back simply because it arises from the same trial, conviction or sentence. *Id*. at 662-64. An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650.

While theories may share a common fact, the facts underlying both the original and amended

5

claims must arise from a common *core* of operative facts. *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (2012) (emphasis in original).

Thomas's amended petition is untimely as it was not filed within the one-year statute of limitations period under AEDPA. The one-year period of limitations expired on June 9, 2015.[8]  28 U.S.C. § 2244(d)(1)(A).

Thomas filed his amended petition on February 2, 2018, nearly two years after the statute of limitations period under AEDPA expired and after mailing his original federal petition. As outlined below, the claims raised in the untimely, amended petition do not relate back to the original petition filed by Thomas.

**A.  Ground 2(2) Does Not Relate Back.**

A comparison of Ground 2(2) of the amended petition to the original petition reveals it is based on a new and different "core of operative facts" from the original petition.

---

[8] The court filed the judgment of conviction on April 18, 2011.  ECF No. 23-20.  Thomas did not file a direct appeal.  *See* ECF No. 40 at 1.  Therefore, the date of finality occurred thirty days later, on May 18, 2011.  Thomas filed a motion to withdraw guilty plea on July 8, 2011, or 51 days later.  *See* ECF No. 23-21.  The motion remained pending until September 9, 2011, when the state district court denied the motion.  *See* ECF No. 23-24.  Thomas did not appeal.

Instead, he filed a second motion to withdraw guilty plea on December 14, 2011, or 96 days later.  ECF No. 24-1.  The state district court denied the second motion on January 24, 2012, and Thomas appealed.  ECF No. 24-4.  However, the Nevada Supreme Court dismissed the appeal based on lack of jurisdiction.  ECF No. 24-13.  Thus, the time the second motion remained pending was only statutorily tolled for the 41 days the motion remained pending in state district court.  *See Seydewitz v. Neven*, 2015 WL 4774002, at *4 (D. Nev. Aug. 13, 2015) ("Because petitioner never properly filed an appeal from the denial of his motion, the AEDPA statute of limitations was tolled only for the [time] that the motion was pending in the state district court.").

Thomas filed his state habeas petition on March 28, 2012, or 64 days later.  ECF No. 24-12.  The Nevada Supreme Court's remittitur on appeal of the state habeas petition issued January 6, 2015.  ECF No. 26-23.  The AEDPA statute of limitations expired 154 days later, on June 9, 2015.  Thomas filed his timely original petition on January 28, 2015.  ECF No. 1-1.

Even assuming *arguendo* that the entire time the second motion to withdraw guilty plea remained pending was statutorily tolled, Thomas's amended federal petition is nonetheless still untimely.  He filed his second motion on December 14, 2011, or 96 days after the finality of the first motion.  *See* ECF No. 24-1.  The second motion remained pending until remittitur issued on June 11, 2012.  *See* ECF No. 24-15.  The one-year limitations period began to run again on January 6, 2015, when remittitur issued on appeal of Thomas's state habeas petition.  *See* ECF No. 26-23.  Therefore, if the second motion was statutorily tolled for the entire period it remained pending, the AEDPA statute of limitations would have expired on August 12, 2015, or 218 days later.  Thomas did not file his amended petition until February 2, 2018.

While Thomas filed a second state habeas petition, the Nevada Court of Appeals affirmed the district court's findings that the grounds raised in Thomas's second state habeas petition were procedurally barred pursuant to Nev. Rev. Stats. 34.726 and 34.810 and Thomas failed to establish good cause to overcome the procedural default.  Exhibit 184.  Thus, the period of time Thomas's second state habeas petition was pending was not statutorily tolled.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

In Ground 2(2) of the amended petition, Thomas alleges trial counsel was ineffective for failing to challenge the death penalty as a possible penalty prior to entry of the plea agreement. ECF No. 40 at 13–15. In support of Ground 2(2), the amended petition alleges trial counsel failed to file a motion to invalidate the death penalty as a potential penalty due to Thomas's cognitive abilities. *Id*.

While the original petition contained numerous allegations regarding Thomas's cognitive abilities, none of the allegations in the amended petition regarding trial counsel's motion practice, or lack thereof, were either referred to in the original petition, or referred to with the specific factual basis now raised in the amended petition. *See* ECF No. 1-1. Moreover, Thomas did not raise any allegations in his original petition regarding a challenge to the death penalty. *See id*.

Therefore, the claims of Ground 2(2) of the amended petition regarding counsel's failure to file a motion to challenge the death penalty do not relate back under *Mayle* and are therefore untimely.

**B.  Ground 2(6) Does Not Relate Back.**

The claims in Ground 2(6) of the amended petition arise from a new and different "core of operative fact" from the original petition.

In Ground 2(6) of the amended petition, Thomas alleges trial counsel was ineffective for failing to correct allegedly erroneous information relied on by the sentencing court in imposing his sentence. ECF No. 40 at 18. In support of Ground 2(6), Thomas alleges the sentencing court believed Thomas was on probation when it imposed his sentence. None of these allegations in the amended petition regarding the information relied on by the sentencing court were referred to in the original petition. *See* ECF No. 1-1. Therefore, the claims of Ground 2 of the amended petition do not relate back under *Mayle* and are therefore untimely.

Grounds 2(2) and 2(6) of the amended petition do not relate back to the filing of the original, timely petition. The two grounds are therefore untimely and should be dismissed.

**II.   Grounds 2(2) And 2(6) Are Unexhausted And Should Be Dismissed.**

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a federal court may not grant "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . unless it appears . . . the applicant has exhausted the remedies available in the courts of the State. . . ." The exhaustion requirement—sometimes referred to as fair presentation—is a matter of comity designed to afford state

7

courts the first opportunity to remedy a constitutional violation. *Greene v. Lambert*, 288 F.3d 1081, 1088 (9th Cir. 2002).

To satisfy exhaustion, each of the petitioner's claims must have been previously presented to the Nevada Supreme Court with references to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1997); *see also Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) ("[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims.") (emphasis in original). "'The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.'" *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003) (quoting *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999)).

A petitioner is required to make "a fair presentation" of his federal claims to the state courts. "Fair presentation requires that a state's highest court has a 'fair opportunity to consider [an appellant's constitutional claim] and to correct that asserted constitutional defect.'" *Lounsbury v. Thompson*, 374 F.3d 785, 787–88 (9th Cir. 2004) (citations omitted). This means that claims presented in a procedurally improper manner such that the state court did not have a fair opportunity to consider their merits are unexhausted. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means); *McQuoun v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a claim is exhausted only when it has been presented in a way that provides the state courts with an opportunity to rule on its merits).

By failing to exhaust the claims contained in Grounds 2(2) and 2(6) of his amended petition, Thomas failed to give Nevada courts the "opportunity to pass upon and correct alleged violations of [his] federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations omitted).

**A. Grounds 2(2) and 2(6)**

In Ground 2(2), Thomas alleges trial counsel was ineffective for failing to challenge the death penalty as a potential penalty prior to entry of the plea agreement. ECF No. 40 at 13–15. He alleges in

8

1  Ground 2(6) that trial counsel was ineffective for failing to correct the allegedly erroneous information
2  relied on by the sentencing court in imposing Thomas's sentence. ECF No. 40 at 18–22.

3  While Thomas raised ineffective assistance of trial counsel claims in his first state habeas
4  action, he did not raise the claims contained in Grounds 2(2) and 2(6) that trial counsel was ineffective
5  for failing to challenge the death penalty and for failing to correct the allegedly erroneous information
6  relied on by the sentencing court before either the Nevada Supreme Court or the Nevada Court of
7  Appeals. *See* ECF No. 140. Moreover, Thomas did not raise any ineffective assistance of trial counsel
8  claims in his second state habeas petition. *See* Exhibits 181, 184.

9  Grounds 2(2) and 2(6) are unexhausted and must be dismissed. *See Koerner*, 328 F.3d at 1046.

10   **B. This Court should apply the doctrine of anticipatory default to Thomas's unexhausted
11   claims.**

12  Where a state procedural default clearly applies to an otherwise unexhausted claim, the claim
13  may be considered "technically exhausted" under the doctrine of anticipatory default. *Dickens v. Ryan*,
14  740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted, if state
15  procedural rules would now bar the petitioner from bringing the claim in state court."). As
16  Respondents note *supra*, Thomas failed to fairly present many of the claims in Grounds 2(2) and 2(6)
17  of the amended petition to the Nevada Supreme Court or the Nevada Court of Appeals. The Nevada
18  Court of Appeals affirmed the district court's dismissal of Thomas's second state petition as untimely.
19  Exhibit 184. Thus, if Thomas concedes he has no additional arguments to overcome Nevada's
20  procedural defaults, this Court should apply the doctrine of anticipatory default and procedurally bar
21  Thomas's unexhausted claims pursuant to Nev. Rev. Stat. 34.726.

22  **C. Thomas presents an improper mixed petition for this Court's review.**

23  A federal court should not entertain a petition for writ of habeas corpus unless the petitioner has
24  exhausted available and adequate state court remedies with respect to each of the claims contained in
25  the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted
26  and unexhausted claims is subject to dismissal. *Id*. Thomas presents a mixed amended petition to this
27  Court for its review. ECF No. 40. Accordingly, Thomas's amended petition cannot move forward in
28  its current form. *Rose*, 455 U.S. at 510.

**CONCLUSION**

Based on the foregoing, Grounds 2(2) and 2(6) of Thomas's amended petition should be dismissed as untimely and/or unexhausted.

RESPECTFULLY SUBMITTED this 16th day of March, 2018.

        ADAM PAUL LAXALT
        Attorney General

        By: /s/ Erin L. Bittick
            ERIN L. BITTICK (Bar. No. 13827)
            Deputy Attorney General


**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General and that on this 16th day of March, 2018, I served a copy of the foregoing **MOTION TO DISMISS**, by U.S. District Court CM/ECF electronic filing to:

RESCH LAW, PLLC d/b/a Conviction Solutions
By: Jamie J. Resch
Nevada Bar Number 7154
2620 Regatta Dr., Suite 102
Las Vegas, Nevada, 89128
Telephone (702) 483-7360
Facsimile (800) 481-7113
Jresch@convictionsolutions.com

/s/ Amanda White