UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENNETH THOMAS,<br><br>Petitioner,<br>v.<br>D.W. NEVEN, *et al.*,<br><br>Respondents. | Case No. 3:15-cv-00071-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

This counseled *habeas corpus* petition pursuant to 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss the first amended petition, in part, as untimely and unexhausted. (ECF No. 42.) Petitioner has opposed (ECF No. 44), and Respondents have replied (ECF No. 45).

**II.   BACKGROUND**

Petitioner in this action challenges his state court convictions, pursuant to a guilty plea, of burglary while in possession of a firearm, murder with use of a deadly weapon (victim 60 years of age or older), conspiracy to commit murder, first degree kidnapping with use of a deadly weapon (victim 60 years of age or older), conspiracy to commit kidnapping, robbery with use of a deadly weapon (victim 60 years of age or older), and

conspiracy to commit robbery. (ECF No. 40 at 3; Exhs. 66 & 70.)[1] Petitioner was charged with these crimes by way of indictment on August 13, 2008, and he entered a plea of guilty to all charges on January 6, 2011. (Exhs. 7 & 66.) Judgment of conviction was entered on April 11, 2011. (Exh. 70.)

Petitioner did not file a direct appeal. Instead, on July 8, 2011, he filed a *pro se* motion to withdraw his guilty plea. (Exh. 71.) The trial court effectively denied the motion on September 9, 2011. (Exh. 74.) Petitioner filed another motion to withdraw his guilty plea on December 14, 2011. (Exh. 76.) The trial court also denied this motion. (Exh. 79.) Petitioner appealed (Exh. 81), and the Nevada Supreme Court dismissed the appeal (Exh. 88).

Before the appeal of his second motion to withdraw his guilty plea was resolved, Petitioner filed a petition for writ of habeas corpus in state court. (Exh. 87.) Appointed counsel thereafter filed a supplemental petition. (Exh. 93.) Following an evidentiary hearing (Exh. 112), the state court denied the petition (Exh. 119), and the Nevada Supreme Court affirmed (Exh. 147).

Thereafter, Petitioner submitted this federal habeas petition to this Court. (ECF No. 1-1.) A few months later, Petitioner filed another motion to withdraw guilty plea in state court. (Exhs. 151 & 153.) The state court denied the motion, but the Nevada Supreme Court reversed and remanded to the trial court to construe the motion as a habeas petition and give the Petitioner the opportunity to overcome the applicable procedural bars. (Exhs. 164 & 168.)

Meanwhile, in federal court, Petitioner was appointed counsel on October 22, 2015, and counsel was directed to file an amended petition on Petitioner's behalf. (ECF No. 10.) Rather than file an amended petition, appointed counsel filed a "Notice of No

---

[1]The exhibits cited in this order, which comprise the relevant state court record, are located at ECF Nos. 21-27 and 43.

Supplemental Petition" on July 6, 2016. (ECF No. 18.) A month later, Petitioner filed a motion for appointment of new counsel asserting that counsel had not filed an amended petition on his behalf. (ECF No. 33.) The Court granted the motion on September 26, 2017, and appointed new counsel on October 5, 2017. (ECF Nos. 36, 39.) Counsel filed the operative first amended petition on February 2, 2018. (ECF No. 40.) Respondents now move to dismiss two of Petitioner's claims as untimely and unexhausted.

## III. DISCUSSION

### A. Timeliness

The one-year limitation period for section 2254 petitions begins to run after the date on which the judgment challenged became final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual.[2] 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2). Petitions can also be subject to equitable tolling in some circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). But neither a properly filed federal habeas petition nor an untimely state habeas petition tolls the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (holding that an untimely state habeas petition is not "properly filed" and thus does not toll the limitation period); *Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that "a properly filed federal habeas petition does not toll the limitation period"). Claims asserted for the first time in an untimely petition can be considered timely if they "relate back" to claims in a timely filed petition. *See* Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 649 (2005).

---

[2]The statute of limitations may also begin to run from other events, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, Petitioner does not claim that any of those provisions apply in his case.

3

Respondents assert that even under the most generous calculation, the limitations period expired no later than August 12, 2015. (*See* ECF No. 42 at 6 n.8.) Petitioner does not disagree with this calculation. Petitioner thus timely filed his original petition in this case, but unless Petitioner can establish a basis for additional tolling, the amended petition, filed on February 2, 2018, is untimely to the extent the claims therein do not relate back to the original petition.

A claim relates back to a timely filed petition if it arises out of "the same conduct, transaction or occurrence" as the allegations in the timely petition. *Mayle*, 545 U.S. at 649. In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior timely claims merely because the claims all challenge the same trial, conviction or sentence. *Id.* at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 658 n.5.

Respondents assert that Grounds 2(2) and 2(6) do not relate back to the timely original petition in this case.

Ground 2(2) asserts that trial counsel was ineffective for failing to challenge the death penalty as a potential penalty prior to entry of the plea agreement. (ECF No. 40 at 13-15.) Specifically, Ground 2(2) asserts that based on Petitioner's significant intellectual limitations and a report about those limitations provided by Dr. Bradley, counsel had a strong argument that the death penalty could not be applied in Petitioner's case and

therefore should have moved to dismiss it as a possible penalty before Petitioner entered his plea. (*See id.*) Petitioner argues that this claim relates back to the factual allegations in his original petition that counsel was ineffective with respect to his intellectual disabilities and that Petitioner was not happy with the plea agreement, the only benefit of which was that he would avoid the death penalty. (*See* ECF No. 44 at 8.)

In his original petition, Petitioner asserted that his attorney was ineffective for failing to investigate or discover exculpatory evidence or other alternative sentences prior to advising Petitioner to enter the plea. (ECF No. 1-2 at 30-31.) He also argued that his attorney was ineffective for allowing him to enter a guilty plea before receipt of Dr. Bradley's report, which indicated severe intellectual limitations. (*Id.* at 31-32.) Thus, the original petition faulted counsel for failing to pursue options to limit the severity of Petitioner's sentence based, at least in part, on his intellectual disabilities. The allegation that counsel was ineffective for failing to move to dismiss the death penalty arises out of this common core of operative fact. Moving to dismiss the death penalty based on Petitioner's intellectual limitations was one action counsel could have taken to limit the severity of the sentence Petitioner faced. Accordingly, the Court concludes that Ground 2(2) sufficiently relates back to the original Petition and is therefore timely.

Ground 2(6) asserts that trial counsel was ineffective for failing to correct erroneous information relied on by the trial court in determining Petitioner's sentence. (ECF No. 40 at 18-19.) Specifically, Petitioner asserts that counsel failed to correct the trial court's belief that Petitioner was on probation at the time of the offenses when in fact he was not, and argues that this misperception on the court's part resulted in his overly harsh sentences. (*Id.*)

Petitioner argues this claim relates back because the original petition asserted that counsel was ineffective, that Petitioner was dissatisfied with his sentence, and that the Court lacked jurisdiction to sentence him. (ECF No. 44 at 9.) However, there is nothing

5

even remotely close to the claim asserted in Ground 2(6) in the original petition nor are any of the underlying facts—other than the allegation that trial counsel was generally ineffective—in the original petition. Likewise, Petitioner did not raise anything close to this claim in his state court proceedings. (*See* Exh. 140.) Accordingly, the Court concludes that Ground 2(6) does not relate back to Petitioner's timely filed original petition.

Petitioner next argues that equitable tolling should excuse the untimely filing of any claims. Equitable tolling is appropriate only if the Petitioner can show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. She accordingly must demonstrate a causal relationship between the extraordinary circumstances and the lateness of his filing. *See, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner argues that his first federal counsel's failure to file an amended petition on his behalf constitutes attorney abandonment justifying equitable tolling. In particular, Petitioner asserts that at the time he filed the original petition, he had 154 days left in his statute of limitations. He argues that because current counsel filed the petition within 120 days of appointment, application of equitable tolling from the time he filed his federal petition to the time counsel was appointed would render the petition timely.

Abandonment by counsel can be a basis for equitable tolling. *See Gibbs v. LeGrand*, 767 F.3d 879, 887 (9th Cir. 2014). However, putting aside whether counsel's

conduct in this case amounts to abandonment, Petitioner cannot at any rate establish equitable tolling. It is undisputed that by the time counsel was appointed on October 22, 2015, the statute of limitations had already expired. Conduct that arises after the expiration of the statute of limitations cannot serve to toll an already-expired limitations period. *See Love v. Price*, Case No. 14-cv-07710-AB, 2016 WL 908453, at *5 (C.D. Cal. Jan. 15, 2016), *report and recommendation adopted sub nom. Love v. Price*, 2016 WL 913154 (C.D. Cal. Mar. 8, 2016) ("For egregious misconduct to cause an untimely filing, it must happen during the one-year limitation period."); *see also Kelson v. Hornbeak*, Case No. 09-cv-2629, 2010 WL 2611508, at *5 n.2 (S.D. Cal. May 18, 2010), *report and recommendation adopted*, 2010 WL 2612624 (S.D. Cal. June 28, 2010). Petitioner cites no case law applying equitable tolling to the period during which a petition is awaiting review and a motion for appointment of counsel is pending and therefore no tolling is justified during that period of time.

Petitioner identifies no other basis for tolling the limitations period before its expiration in August 2015. Accordingly, equitable tolling cannot render Ground 2(6) timely, and Ground 2(6) must therefore be dismissed.

**B. Exhaustion**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *See, e.g.*, *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *See, e.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state

7

courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g.*, *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

While Petitioner's state habeas proceedings alleged facts related to Ground 2(2), Petitioner did not therein fairly present any claim of ineffective assistance of counsel based on counsel's failure to file a motion to dismiss the death penalty. Ground 2(2) is therefore unexhausted.

Both parties ask the Court to apply the doctrine of anticipatory procedural default to Petitioner's unexhausted claims as they assert that if he returned to state court to exhaust them his petition would be found procedurally barred.

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). While it is clear that petitioner would face several procedural bars if he were to return to state court, *see, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810, Nevada has cause-and-prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause-and-prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner

8

would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Supreme Court of Nevada does not recognize *Martinez* cause as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Petitioner advances only *Martinez* as a basis for excusing the procedural default of his claims. The Court thus reads Petitioner's opposition as a concession that the only basis for cause as to any of the unexhausted claims would be *Martinez*, and grants Petitioner's request to consider his unexhausted claims as subject to anticipatory procedural default on that basis.

In *Martinez*, the Supreme Court created a narrow, equitable exception to the rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), that attorney error cannot provide cause for a procedural default if a petitioner had no constitutional right to counsel in a proceeding in which the default occurred. The Court held that in some cases a petitioner can establish cause for a procedural default where his or her post-conviction counsel failed to raise a

9

substantial claim of ineffective assistance of trial counsel in initial-review collateral proceedings. *See Martinez,* 566 U.S. at 16-17.

Ground 2(2) of the petition is a claim of ineffective assistance of trial counsel. Whether that claim is substantial, and whether post-conviction counsel was ineffective for failing to raise it, is a question that is intertwined with the merits of the claim itself. The Court will therefore defer consideration of the cause-and-prejudice argument under *Martinez* with respect to Ground 2(2) until the time of merits consideration.

**IV.  CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 42) is granted in part and denied as part as follows:

1. Ground 2(6) is dismissed as untimely;

2. Ground 2(2) is timely but unexhausted and procedurally defaulted. The Court defers determination of whether Petitioner can establish cause and prejudice under *Martinez* for the procedural default of Ground 2(2) until merits consideration. The parties will address the procedural default of Ground 2(2) as well as the merits of that claim.

It is further ordered that Respondents file an answer to all remaining claims in the petition within sixty (60) days of the date of this order. The answer must include substantive arguments on the merits as to each remaining ground in the petition. In filing the answer, Respondents must comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

//

//

//

//

It is further ordered that Petitioner may file a reply within thirty (30) days of service of an answer.

DATED THIS 5th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE